UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO T. ORDONEZ,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY; and INTERNAL REVENUE SERVICE,<br><br>　　　　　　　　Defendants. | Civil No.  11cv2340-CAB (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>**[Doc. No. 13]** |

　　　　Plaintiff, a state prisoner proceeding *pro se*, filed this action on October 6, 2011, then filed an Amended Complaint on February 6, 2012. [Doc. No. 7.] On April 18, 2012, defendant United States of America filed a motion to dismiss the Amended Complaint. [Doc. No. 13.] On June 18, 2012, plaintiff filed an opposition to the motion. [Doc. No. 17.] On June 25, 2012, defendant filed a reply to the opposition. [Doc. No. 18.] The Court deems the matter suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).   After reviewing the submissions of the parties, the Court hereby **GRANTS WITH PREJUDICE** the motion to dismiss.

I.  Allegations of Amended Complaint

　　　　The Amended Complaint is entitled "Complaint for: Erroneously denied tax refund." [Doc. No. 7 at 1.] In it, plaintiff alleges that he is a prisoner at Calipatria State Prison and works in the prison as a Program Services Clerk for $.032 per hour.

[Doc. No. 7 at 2, 4.] Plaintiff alleges he received compensation in the amount of $8,946.00 for tax year 2006, and reported this on a Form 1040EZ. [Doc. No. 7 at 1.] Plaintiff also alleges that he provided a Form 4852 (a substitute for a form W-2) with the Form 1040EX. *Id.* Plaintiff alleges that the State of California does not issue W-2s to prison inmates. [Doc. No. 7 at 2.]

Plaintiff alleges that after he submitted his Form 1040Z, he received a letter from the IRS requesting proof of wages. *Id.* Plaintiff claims that he responsed by producing a copy of certain periodic pay statements. *Id.* On March 2, 2010, Plaintiff alleges he received a letter from the IRS informing him that his claim for refund was disallowed. Plaintiff alleges he appealed that decision by filing a Form 1040X on March 29, 2010. Plaintiff alleges the IRS denied his claim in August of 2010 and the IRS denied his second appeal on November 2, 2010. *Id.*

Plaintiff requests a declaratory judgment that: (1) affirms his and other similarly situated prisoners status as common law employees under I.R.C. § 3121(d)(2); (2) declares that a person in his position is in compliance with the law and not committing fraud by filing a tax return; (3) that services and property received by a prisoner are part of gross income under I.R.C. § 61; and (4) to recognize the legitimacy of his tax refunds and all other legitimate claims submitted by the incarcerated. [Doc. No. 7 at 5-6.] Additionally, plaintiff seeks compensatory damages of $1,000,000.00 for alleged emotional and psychological damage caused by the denial of his tax claims as well as $1,000,000.00 in punitive damges for violations of his rights under the eighth and fourteenth amendments to the constitution. [Doc. No. 7 at 6-7.]

## II. Discussion

1. Legal Standard.

The plaintiff bears the burden of establishing subject matter jurisdiction and trial courts will presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Ass'n of American Medical Colleges v. U.S.*, 217 F.3d 770, 778 (9th Cir.2000); *Sun Microsystems*

*Inc. v. Hynix Semiconductor Inc.*, 2007 WL 1056783, *2 (N.D.Cal.2007). A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004) (noting that an attack was factual where a defendant challenged plaintiff's contention that grass residue constitutes solid waste under RCRA). Here, defendant asserts a facial attack [Doc. No. 13-1 at 3]. Therefore, the Court must accept the complaint's allegations as true. *Safe Air for Everyone*, 373 F.3d at 1039.

2. Claim for tax refund.

The gravamen of plaintiff's complaint appears to be a claim for a tax refund. The United States, as a sovereign entity, is immune from suit except when it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). It is the plaintiff's burden to establish the jurisdiction of the court, and thus, plaintiff must show a waiver of sovereign immunity. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188 (1936).

Plaintiff fails to show that the United States has waived immunity from suit here. Section 7422(a) of the Internal Revenue Code provides that "[n]o suit or proceeding can be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). Furthermore, in order for a district court to have jurisdiction over a suit for the refund of taxes, the taxpayer must first have paid the assessment, or a divisible portion thereof, for which relief is sought. See 26 U.S.C. §§ 7422(a), 6532(a); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985); *Flora v. United States*, 362 U.S. 145 (1960).

Here, plaintiff fails to allege what amout of tax Plaintiff owed for the 2006 tax year or the amount of tax he was assessed for that year. [Doc. No. 7 at 2-5.] More importantly, plaintiff does not allege that he fully paid whatever amount of tax he was assessed (if any). Full payment of the assessed amount of taxes is a legal prerequisite to a suit for refund. *See* I.R.C. § 7422; *Flora*, 362 U.S. at 150-151. Without an allegation of full payment, plaintiff's Amended Complaint fails to establish that subject matter jurisdiction exists for a suit for refund. *See Del Elmer; Zachay v. Metzger*, 967 F.Supp. 398, 405 (S.D. Cal. 1997)(where plaintiff has failed to allege jurisdictional prerequisites for a refund suit, the Court lacks subject matter jurisdiction). In his opposition, plaintiff admits that he does not, and apparently cannot, allege full payment of the assessed tax. [Doc. No. 17 at 5.] Therefore, the defendant's motion to dismiss this claim is GRANTED without leave to amend.

3. Declaratory Relief Claims.

Plaintiff also seeks declaratory relief on behalf of himself and others similarly situated[1] with regard to federal taxes. However, declaratory relief with respect to federal taxes is barred by 28 U.S.C. § 2201. Section 2201(a) states in relevant part:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.....

28 U.S.C. § 2201 (emphasis added).

The language of the Declaratory Judgment Act withdraws jurisdiction from federal courts over any suit seeking a declaratory judgment with respect to federal taxes, whether or not the suit would have the effect of restraining the assessment or collection of federal taxes. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 n.

---

[1] To the extent plaintiff purports to represent others "similarly situated," such claims are also barred. Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966). He has no authority to appear as an attorney for others than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), *cert. denied*, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954).

10 (1974); *Hutchinson v. United States*, 677 F.2d 1322, 1326 (9th Cir.1982).

Accordingly, this Court lacks subject matter jurisdiction over plaintiff's claim for a declaratory judgment with respect to his federal tax liabilities and the tax collection activities taken against him. Therefore, the defendant's motion to dismiss this claim is **GRANTED** without leave to amend.

4. Claims for compensatory damages for emotional and psychological damage.

In addition to declaratory relief, plaintiff seeks damages for "the emotional and psychological damage produced by the irreparable financial harm" caused by the denial of his tax claims. [Doc. No. 7 at 6.] However, such claims are also barred for lack of subject matter jurisdiction. "The Federal Government cannot be sued without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). Where the United States has not consented to suit, the Court lacks jurisdiction over the subject matter of the action and dismissal is required. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985). A court strictly construes waivers of sovereign immunity, which must be unequivocally expressed in the statutory text; to show that the government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims. *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840 (9th Cir.2012).

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 2679(b)(1). Even though the FTCA provides certain remedies to sue the federal government and its employees, it has limitations and exceptions. First, a prerequisite to the waiver of sovereign immunity under the FTCA requires the claimant to present an administrative claim to the appropriate Federal agency first and to have his claim finally denied by the agency. 28 U.S.C. § 2675. If this is not done, a plaintiff's claim is premature. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th

Cir.1991). In this case, there is no record before the Court that indicates plaintiff filed such a claim, and the claim had been denied. Second, the FTCA does not extend to any "claim arising in respect of the assessment or collection of any tax ...." 28 U.S.C. § 2680(c); *Morris v. United States*, 521 F.2d 872, 874 (9th Cir.1975). Here, plaintiff's claims arise out of an alleged failure to provide a tax refund, and thus, the FTCA does not apply. In addition, Plaintiff has failed to cite any other statutory authority that waives the United States' sovereign immunity in this case.  Therefore, the defendant's motion to dismiss the claims for compensatory damages for emotional and psychological damages is GRANTED without leave to amend.

5.  Punitive damages.

Plaintiff also seeks punitive damages for the federal defendant's "malicious and deliberate indifference and callous disregard of federal tax regulations and applicable law." [Doc. No. 7 at 6.] In doing so, plaintiff does not allege any waiver of sovereign immunity.  The United States cannot be sued for punitive damages unless Congress explicitly authorizes such liability. *Missouri Pacific Railroad Co. v. Ault*, 256 U.S. 554 (1921); *Kasprik v. United States*, 87 F.3d 462, 465 (11th Cir. 1996).  Sovereign immunity has not been waived with respect to punitive damages.  Therefore, the motion to dismiss the claim for punitive damages is GRANTED without leave to amend.

6.  Constitutional claims.

Plaintiff alleges that he is entitled to damages based upon vague allegations that his rights under the eighth and fourteenth amendments of the constitution have been violated. [Doc. No. 7 at 7.]   To the extent plaintiff is purporting to state a claim under 42 U.S.C. § 1983, plaintiff has failed to establish a waiver of sovereign immunity.  The United States is a sovereign, and may not be sued for money damages without its consent. *United States v. Testan*, 424 U.S. 392, 399 (1976).[2]   The United

---

[2] In his opposition, plaintiff requests leave to substitute the IRS and the Treasury Department for the United States. [Doc. No. 17 at 1.] However, a suit for damages against a federal agency or federal employees in their official capacity is essentially a suit against the United States and is also barred by sovereign immunity absent statutory consent. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 & n. 6 (9th

States has not waived its sovereign immunity for actions seeking damages for constitutional violations. *See Holloman v. Watt*, 708 F.2d 1399, 1401–02 (9th Cir.1983) (rejecting claimant's argument that sovereign immunity did not apply to his due process claim for damages when the federal defendants were being sued in their official capacity only); *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir.1984) (holding plaintiff's damages claim for violation of his Fourth Amendment rights against the United States was barred by sovereign immunity). "Where a suit has not been consented to by the United States, dismissal of the action is required." *Gilbert*, 756 F.2d at 1458. Therefore, defendant's motion to dismiss plaintiff's claims for damages for alleged constitutional violations is GRANTED without leave to amend.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED WITH PREJUDICE.** The Clerk of the Court shall **TERMINATE** the action.

DATED:  June 24, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge

---

Cir.1985).